UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN D. WALKER, | § | |
| TDCJ #01927071, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-0359 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Steven D. Walker is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) in the Eastern District of Texas and seeks to challenge a prison disciplinary proceeding. He also has filed an amended petition (Dkt. 2) and dozens of other motions seeking appointed counsel, summary judgment, and other relief. On October 7, 2019, the court for the Eastern District of Texas, Beaumont Division, transferred the case to this Court (Dkt. 57). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I. BACKGROUND

Walker is serving a sentence in Harris County for driving while intoxicated, Case No. 141248801010. *See* Offender Information Search, available at https://offender. tdcj.texas.gov/OffenderSearch/index.jsp (last visited Nov. 8, 2019). His petition does not

challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction at the Leblanc Unit on September 13, 2018, in disciplinary case number 2019004854 (Dkt. 1, at 2, 5). Walker was punished by a reduction in custody status; loss of 30 days of commissary and recreation privileges; 30 days of cell restriction; and "1 year set off parole" (*id*. at 2). He states that he is eligible for release on mandatory supervision (*id.* at 5). He also states that he appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6).

Walker's pleadings also allege that one defendant used "excessive force" against him by "touching him in a sexual manner" (Dkt. 2, at 8; *see* Dkt. 1, at 6).

## II.    PRISON DISCIPLINARY PROCEEDINGS

This Court may hear Walker's petition because he filed the petition when incarcerated at the Ramsey I Unit in Brazoria County, which is within the boundaries of the Galveston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(1); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the disciplinary context

without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Walker cannot demonstrate a constitutional violation in this case because, as he admits in his petition, his disciplinary sentence did not include the loss of previously earned good-time credits (Dkt. 1, at 2, 5). This is fatal to his claims. *See Malchi*, 211 F.3d at 957-58. Although Walker alleges that the conviction resulted in a cell restriction and the loss of privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, a "set off" in a prisoner's parole, or reductions in his custodial classification and the potential impact on his ability to earn good-time credits, are too attenuated to be protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Jenkins v. Livingston*, 388 F. App'x 417, 419 (5th Cir. 2010) (citing, *inter alia*, *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)). Under these circumstances, Walker cannot demonstrate a violation of the Due Process Clause and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

To the extent Walker seeks to bring an excessive-force claim, the claim is not cognizable on habeas review. Although the line between habeas claims and civil-rights

claims is sometimes "blurry," "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted). The Court declines to redesignate Walker's potential excessive-force claim as a civil-rights case because Walker would then be required to pay the $400 filing fee or, if granted leave to proceed *in forma pauperis*, to pay the filing fee in installments. Moreover, under the statute governing venue for civil-rights claims, venue would be improper in this judicial district because the events giving rise to a potential claim took place in Jefferson County in the Eastern District of Texas, Beaumont Division.[1]

### III.  CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

---

[1]  Venue for a civil-rights claim is governed by a different statute than venue for habeas petitions. Walker originally filed his habeas petition in the Eastern District of Texas, Beaumont Division, but his petition was transferred to this Court because, under the statute governing habeas proceedings, the court in Beaumont lacked jurisdiction over the petition. *See* 28 U.S.C. § 2241(d) (a habeas petition may be filed in the district where the petitioner is in custody or the district within which he was convicted); *Wadsworth*, 235 F.3d at 961. However, a civil-rights claim must be brought in a judicial district in which a defendant resides or "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The relief sought in the habeas corpus petition (Dkt. 1) filed by Steven D. Walker is **DENIED** and this case is **DISMISSED** with prejudice.

2. All pending motions are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on  November 12th , 2019.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE